SCOTT + SCOTT LLP
Arthur L. Shingler III (181719)
Nicholas J. Licato (228402)
600 B Street, Suite 1500
San Diego, CA 92101
Tel.: (619) 233-4565
Fax: (619) 233-0508
ashingler@scott-scott.com
nlicato@scott-scott.com

SCOTT + SCOTT LLP
David R. Scott
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
drscott@scott-scott.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUK LING LUI, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER and RICHARD M. FREEMAN, <br><br> Defendants. | No. C-07-05894-CRB <br><br> NOTICE OF WAIVER OF SERVICE OF SUMMONS |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      Please take notice that named defendants in this action, Igor Y. Khandros, Ronald C.
3  Foster, and Richard M. Freeman, have waived service of summons. The waivers are attached
4  hereto as Exhibit A.

6  DATED: December 18, 2007            SCOTT + SCOTT LLP
                                                       HAL CUNNINGHAM

                                                       /s/
                                                       HAL CUNNINGHAM (243048)

                                                       600 B Street, Suite 1500
                                                       San Diego, CA 92101
                                                       Tel.: (619) 233-4565
                                                       Fax: (619) 233-0508

                                                       SCOTT + SCOTT LLP
                                                       David R. Scott
                                                       108 Norwich Avenue
                                                       P.O. Box 192
                                                       Colchester, CT 06415
                                                       Tel.: (860) 537-5537
                                                       Fax: (860) 537-4432

                                                       *Counsel for Plaintiff*

1  CERTIFICATE OF SERVICE

2      I hereby certify that on December 18, 2007, I electronically filed the foregoing with the
3  Clerk of the Court using the CM/ECF system that will send notification of such a filing to the
4  email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I
5  have mailed the foregoing document or paper via the United States Postal Service to the non-
6  CM/ECF participants indicated on the attached Manual Notice List.
7      I certify under penalty of perjury under the laws of the United States of America that the
8  forgoing is true and correct. Executed on December 18, 2007.

9
10
11
                                                               /s/
12                                       HAL CUNNINGHAM (243048)
13
14  SCOTT + SCOTT LLP
    600 B Street, Suite 1500
15  San Diego, CA 92101
    Tel.: (619) 233-4565
16  Fax: (619) 233-0508
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF WAIVER OF SERVICE OF SUMMONS – C-07-05894-CRB     2

EXHIBIT A

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Arthur L. Shingler III, Scott + Scott LLP, 600 B Street, Suite 1500, San Diego, California 92101</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Ronald C. Foster</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Yuk Ling Lui v. FormFactor, Inc.</u>,
(CAPTION OF ACTION)

which is case number <u>3:07-cv-05894-CRB</u> in the United States District Court
(DOCKET NUMBER)

for the <u>Northern</u> District of <u>California</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>12/4/2007</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>12/10/2007</u>                                <u>[signature]</u>
(DATE)                                              (SIGNATURE)

RAJAT SONI

Printed/Typed Name: <s>Neal Potischman</s> / Davis Polk & Wardwell

As <u>Attorney for Ronald C. Foster</u> of <u>FormFactor, Inc.</u>
(TITLE)                                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Arthur L. Shingler III, Scott + Scott LLP, 600 B Street, Suite 1500, San Diego, California 92101__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Richard M. Freeman__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Yuk Ling Lui v. FormFactor, Inc.__,
(CAPTION OF ACTION)

which is case number __3:07-cv-05894-CRB__ in the United States District Court
(DOCKET NUMBER)

for the __Northern__ District of __California__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __12/4/2007__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__12/10/2007__                                  __(signature)__
(DATE)                                              (SIGNATURE)

                                                RAJAT SON I
Printed/Typed Name:   ~~Neal Potischman~~ / Davis Polk & Wardwell

As __Attorney for Richard M. Freeman__ of __FormFactor, Inc.__
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Arthur L. Shingler III, Scott + Scott LLP, 600 B Street, Suite 1500, San Diego, California 92101
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Igor Y. Khandros
(DEFENDANT NAME)
, acknowledge receipt of your request

that I waive service of summons in the action of Yuk Ling Lui v. FormFactor, Inc.,
(CAPTION OF ACTION)

which is case number 3:07-cv-05894-CRB
(DOCKET NUMBER)
in the United States District Court

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 12/4/2007,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

12/10/2007
(DATE)

(SIGNATURE)
RAJAT SONI
Printed/Typed Name: ~~Neal Potischman~~ / Davis Polk & Wardwell

As Attorney for Igor Y. Khandros of FormFactor, Inc.
(TITLE) (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.